STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0198

THERESA MCCRAY AND DENISE M. WILLIAMS, INDIVIDUALLY AND AS CO-ADMINISTRATRIXES OF THE SUCCESSION OF JOHNNY MCCRAY, SR., MARVA MCCRAY GORDON, MEATHA MCCRAY WINBUSH, MARLIES MCCRAY MITCHELL, MARVIN MCCRAY, II, DR. JAMES MCCRAY, JR., INDIVIDUALLY AND AS TRUSTEE OF THE JAMES AND GLORIA H. MCCRAY 1999 TRUST, MARIANNE FERGUSON AND JAMES FERGUSON

VERSUS

ARCOSA AGGREGATES GULF COAST, LLC, DAVID SPIESS/BRITTON CROSS, LLC AND DAVID E. SPIESS, LLC

Judgment Rendered: **OCT 1 0 2025**

\* \* \* \* \*

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 22
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 745,906

THE HONORABLE BEAU M. HIGGINBOTHAM, JUDGE PRESIDING

\* \* \* \* \*

| | |
|---|---|
| Kenneth L. Blanchard, Jr.<br>Plaquemine, Louisiana | Attorney for Plaintiffs-Appellants<br>Theresa McCray, *et al.* |
| Douglas J. Cochran<br>Baton Rouge, Louisiana | Attorney for Defendant-Appellee<br>Arcosa Aggregates Gulf Coast, LLC |

**BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.**

**FIELDS, J.**

Plaintiffs, Theresa McCray and Denise M. Williams, individually and as co-administratrixes of the Succession of Johnny McCray, Sr., Marva McCray Gordon, Meatha McCray Winbush, Marlies McCray Mitchell, Marvin McCray, II, Dr. James McCray, Jr., individually and as trustee of the James and Gloria H. McCray 1999 Trust, Marianne Ferguson, and James Ferguson, appeal the trial court's August 28, 2024 judgment sustaining a peremptory exception raising the objection of prescription in favor of Arcosa Aggregates Gulf Coast, LLC ("Arcosa") and dismissing Arcosa from this suit with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

This litigation arises from a dispute over the ownership and possession of certain immovable property located in East Baton Rouge Parish. On March 25, 2024, plaintiffs filed a petition naming Arcosa,[1] David Spiess/Britton Cross, LLC, ("Spiess/Britton"), and David E. Spiess, LLC ("Spiess") as defendants. In the petition, plaintiffs alleged they "are among the co-owners of, but are presently out of possession of, all that land lying west of . . . Tract A all the way to the present thread of the Amite River (. . . "subject property"), all of which land lies within the Parish of St. Helena, State of Louisiana[.]"

According to plaintiffs, they are the heirs of Alcy Morgan Johnson McCray and her husband, William Johnson, who are both deceased. Plaintiffs asserted they inherited property located in St. Helena Parish from Mrs. McCray and Mr. Johnson

---

[1] Arcosa, according to plaintiffs, was formerly Southern Aggregates, LLC. In a prior lawsuit, plaintiffs sought damages arising from fellow co-owners' execution of a lease and minerals option agreement with Southern Aggregates, LLC and from subsequent exercise by Southern Aggregates, LLC of the rights purportedly granted in the agreement on the co-owned property. **McCray v. Southern Aggregates, LLC**, 2018-1545 (La. App. 1st Cir. 8/29/19), 282 So.3d 262. The petition from that lawsuit is included in the instant record on appeal.

by judgment of possession, rendered and recorded in April 1965.[2] Plaintiffs averred that in 1975, they hired a registered land surveyor to resurvey the land, and based on the map prepared by the surveyor, plaintiffs "very recently came to believe that the westernmost extent of their property was the western boundary of the 38.63 tract depicted" on the map. Plaintiffs asserted their property extends west from that western boundary of Tract A all the way to the present thread of the Amite River.

In the petition, plaintiffs averred that because of a shift in the original channel of the Amite River in 1843 and 1849, an island consisting of thirty-one acres was formed, which is part of plaintiffs' property. According to plaintiffs, a map prepared in 1849 by a deputy surveyor of the Surveyor General of Louisiana "mistakenly represented the parish boundary as being along the thread of the new east loop instead of along the thread of the original bed to the west, thus purporting to take the island out of the Parish of St. Helena and place it into the Parish of East Baton Rouge." Plaintiffs alleged the island was later selected by Louisiana as part of a swamplands grant from the United States, and in 1901, it was sold as "Lot No. 2 of Section 34, T4S-R3E, Parish of East Baton Rouge, Louisiana[,]" the subject property.

According to plaintiffs, Spiess is the purported present owner of the land lying directly west of the subject property, by transfer from Spiess/Britton. Plaintiffs averred that on April 28, 2011, Spiess/Britton entered into a lease and mineral options agreement with Arcosa (then Southern Aggregates, LLC Delaware) covering 1,374 acres described as being located in East Baton Rouge Parish, which included the subject property. Plaintiffs alleged that at some point, defendants determined Spiess/Britton was not in corporeal possession of the subject property and the subject property had no access to a public road. According to plaintiffs, on or about August

---

[2] See Instrument No. 4129, COB 58, Page 341 of the conveyance, mortgage, and plat books of the Parish of St. Helena, State of Louisiana (recorded April 15, 1965).

3

8, 2014, after purporting to gain legal access to the subject property, Arcosa entered the subject property and produced sand and gravel therefrom until approximately August 2016 and paid royalties to Spiess/Britton.

Plaintiffs averred Spiess/Britton knew or should have known that it was not the owner of the subject property. Plaintiffs further averred Arcosa knew or should have known that Spiess/Britton was not the owner of the subject property, and it was not validly leasing the mineral rights from the true owners. Plaintiffs alleged "[defendants] had and have no valid act translative of title recorded in the public records of the Parish of St. Helena affecting the subject property, nor have they or their ancestors-in-title ever had the necessary corporeal possession for the acquisitive prescription of ten or thirty years." Plaintiffs sought "the fair market value of all of the dirt, sand[,] and gravel removed from" the subject property "without the necessity of reimbursing the production costs thereof." Plaintiffs prayed for a judgment recognizing them as the co-owners of the subject property and a judgment for the recovery of products in the amount representing the fair market value of all the dirt, sand, and gravel removed from the subject property.

On May 15, 2024, Arcosa filed an answer and the peremptory exception raising the objection of prescription.[3] Arcosa answered the petition, admitting that it is a named defendant, but denying the remaining allegations in the petition. In the memorandum in support of the exception of prescription, Arcosa asserted that based on the face of the petition, plaintiffs' tort claim against it prescribed at the end of August 2017.[4]

Following a hearing, the trial court signed a judgment on August 28, 2024, sustaining Arcosa's exception of prescription and dismissing all of plaintiffs' claims against Arcosa with prejudice. From that judgment, plaintiffs appeal. In plaintiffs'

---

[3] Arcosa's exception raised several other objections that are not pertinent to this appeal.

[4] According to Arcosa, plaintiffs filed an opposition to the exceptions, but we note the record on appeal does not contain an opposition to Arcosa's exception.

sole assignment of error, they contend the trial court erred by sustaining the exception of prescription.

## STANDARD OF REVIEW

Generally, a party urging the exception of prescription bears the burden of proving the prescriptive period has elapsed. **Scott Green Properties, LLC v. Ramsey**, 2024-0695 (La. App. 1st Cir. 2/13/25), 406 So.3d 609, 613. The standard of review of a judgment pertaining to an exception of prescription turns on whether evidence is introduced at the hearing on the exception. **Dumas v. Louisiana Board of Ethics**, 2022-0994 (La. App. 1st Cir. 2/24/23), 361 So.3d 1035, 1039, writ denied, 2023-00435 (La. 5/16/23), 360 So.3d 836. Louisiana Code of Civil Procedure article 931 expressly allows evidence to be introduced to support or controvert a peremptory exception pleaded, when the grounds thereof do not appear from the petition. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. In that case, the reviewing court is simply assessing whether the trial court was legally correct in its finding. **Wilson v. Whitfield**, 2022-0488 (La. App. 1st Cir. 2/24/23), 361 So.3d 512, 515.

When evidence is introduced at the hearing, a court need not accept the allegations of the petition as true, and the lower court decisions are to be reviewed under a manifest error standard of review. **Dumas** 361 So.3d at 1039. However, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review and give no deference to the trial court's legal conclusions. **Wilson** 361 So.3d at 515.

## DISCUSSION

The applicable prescriptive period depends on the nature of the cause of action. A court is not bound to accept a plaintiff's characterization of the nature of her cause of action if such is unsupported by the factual allegations. **Harris v. Board**

5

**of Supervisors of Community and Technical Colleges**, 2021-0844 (La. App. 1st Cir. 2/25/22), 340 So.3d 1121, 1125. The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Because Louisiana civil procedure is based on fact pleading, our courts must look to the facts alleged to discover, what, if any, relief is available to the parties. **Scott Green Properties, LLC**, 406 So.3d at 614.

On appeal, plaintiffs assert that Arcosa's removal of dirt, sand, and gravel from the subject property was in bad faith. Plaintiffs further assert that they did not allege fraud against Arcosa or any other defendant, they did not allege any negligent behavior of Arcosa or any other defendant, and they did not pray for any damages for fraud or tortious conduct. Plaintiffs contend the characterization of the petition as a tort or fraud subject to a one-year liberative prescription should have been rejected by the trial court in favor of a plain reading of the petition, which plaintiffs argue "clearly states a petitory or real action, with an accession claim for recovery of the value of removed products" which is imprescriptible, subject only to loss by ten-year acquisitive prescription. See La. Code Civ. P. art. 3653. Plaintiffs urge this action is distinct from a trespass tort action. Arcosa urges it has plead, pursuant to Louisiana Civil Code article 488, an action against former bad faith possessors for the recovery of products or their value.

The petitory action is available for the recovery of immovable property and is brought by a person who claims ownership, but who is not in possession, of immovable property, against another who is in possession or who also claims ownership, to obtain judgment recognizing the plaintiff's ownership. La. Code Civ. P. art. 3651; **Hope Holdings, Inc. v. Modern American Recycling Services, Inc.**, 2023-0921 (La. App. 1st Cir. 3/13/24), 385 So.3d 337, 343. Pursuant to Official Revision Comment (b) to La. Code Civ. P. art. 3651, "the action must be brought directly against the adverse claimant of ownership, or if there is no adverse claim,

6

against the person in possession." A petitory action should be brought by a person who claims ownership against: "(1) an adverse claimant of ownership who is in possession; (2) a person in possession who may not be asserting any adverse claim of ownership; or (3) an adverse claimant of ownership who is out of possession." Official Revision Comments—1960 and 1981, Comment (a) to La. Code Civ. P. art. 3651. Arcosa never claimed ownership or possessed the subject property as an owner. Therefore, we find La. Code Civ. P. art. 3651 is not applicable to the facts of this case.

Pursuant to Louisiana Civil Code article 488, "[p]roducts derived from a thing as a result of diminution of its substance belong to the owner of that thing. When they are reclaimed by the owner, a possessor in good faith has the right to reimbursement of his expenses. A possessor in bad faith does not have this right." Official Revision Comments—1979, Comment (e) to La. Civ. Code art. 488 provides:

> Article 488 applies to possessors, that is, persons who have physical control of an immovable with the intent to own it. It does not apply to a trespasser or other wrongdoer. The obligations of a possessor under Article 488 are independent of liability under the law of delictual obligations. Thus, a possessor is bound to restore to the owner the products of a thing under Article 488, and, in addition, he may be liable for an offense or quasi offense he may have committed.

We find La. Civ. Code art. 488 is not applicable to the facts before this court because Arcosa was not a possessor pursuant to the language of this code article.

A delictual action, on the other hand, is a tort action or an action seeking damages for injury caused by the act of another. **Uniti Fiber, LLC v. Miller Pipeline, LLC**, 2024-474 (La. App. 5th Cir. 2/26/25), 407 So.3d 893, 898. A landowner may recover damages for the unauthorized removal of minerals from his property by any means. La. R.S. 31:13. The Fifth Circuit determined La. R.S. 31:13 refers to a delictual action and gives a landowner the statutory authority to sue for damages in tort, such as trespass. **T.L. James & Co. v. Kenner Landing, Inc.**, 550

7

So.2d 1378, 1385 (La. App. 5th Cir. 1989), writ granted, 556 So.2d 26 (La. 1990), affirmed, 562 So.2d 914 (La. 1990) (The appellate court found that La. R.S. 31:13 was inapplicable and could not be used as authority for the state Department of Wildlife and Fisheries' royalty claim in that suit, but noted the State, as the owner, had the right, through the Department of Wildlife and Fisheries to bring an action under La. R.S. 31:13 for damages for unauthorized removal of sand). See also **Liles v. Barnhart**, 152 La. 419, 93 So. 490, 491 (La. 1922) (applying a one-year prescriptive period to bar an action for the value of oil and gas removal from land); **Hogg v. Chevron USA, Inc.**, 2009-2632 (La. 7/6/10), 45 So.3d 991, 1002 (A suit seeking damages for trespass is an action in tort.). Historically, other courts have described the unauthorized removal of minerals as a trespass. **Gallo v. Sorci**, 221 So.2d 570, 574 (La. App. 4th Cir. 1969) (finding that a trespass was committed when the defendant removed sand from plaintiff's property without authorization); **East v. Pan American Petroleum Corporation**, 168 So.2d 426, 430 (La. App. 3d Cir. 1964) (referring to damages resulting from the unauthorized removal of dirt as a trespass).

To determine the nature of the cause of action, we examine the allegations and prayer of the petition. See **Scott Green Properties, LLC**, 406 So.3d at 614. In the petition, plaintiffs pertinently alleged that Spiess/Britton was not the true owner of the subject property, Arcosa knew or should have known that Spiess/Britton was not the owner of the subject property, and Arcosa was not validly leasing the mineral rights from the true owners. Arcosa produced sand and gravel from the subject property and paid royalties to Spiess/Britton. Plaintiffs further alleged they are entitled to the fair market value of all the dirt, sand, and gravel removed from the subject property without the necessity of reimbursing the production costs thereof.

Accepting the allegations of the plaintiffs' petition as true, we conclude plaintiffs' claims falls squarely under La. R.S. 31:13 as plaintiffs alleged Arcosa

8

removed sand and gravel from their property without their authorization. We find that a violation of La. R.S. 31:13 constitutes a trespass. A trespass occurs when there is an unlawful physical invasion of the property or possession of another. **Hayward v. L.J. Noel, Inc.**, 2014-1303 (La. App. 1st Cir. 4/24/15), 2015 WL 1882603, *2 n.5 (unpublished). Here plaintiffs' petition alleges Arcosa was not validly leasing the subject property from the true owners. With this knowledge, Arcosa still entered the subject property and produced sand and gravel. Therefore, based on the allegations of the petition, Arcosa's entry onto and mining of the subject property was unlawful. Accordingly, we find, notwithstanding the prayer seeking recovery of products, plaintiffs' petition alleges Arcosa committed a trespass, which sounds in tort.

Plaintiffs next contend that even if the petition is construed as pleading a tort, the petition would still be found timely as plaintiffs very recently, before the suit was filed, realized that they were actually the owners of the subject property.

At the time the alleged damages were sustained, prescription for delictual actions was governed by former La. Civ. Code art. 3492[5], which provided, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." **State ex rel. Tureau v. BEPCO, L.P.**, 2021-0080 (La. App. 1st Cir. 5/19/21), 326 So.3d 925, 931, writ granted, 2021-00856 (La. 10/19/21), 326 So.3d 265, affirmed, 2021-0856 (La. 10/21/22), 351 So.3d 297. The one-year prescriptive period commences to run from the day the owner of the immovable acquired or should have acquired knowledge of the damage. Former La. Civ. Code art. 3493.

In the petition, plaintiffs averred that Arcosa mined the subject property between August 2014 and August 2016. Plaintiffs further averred that in 1975, they

---

[5] Effective July 1, 2024, former La. Civ. Code arts. 3492 and 3493 were repealed by 2024 La. Acts No. 423, § 2. Louisiana Civil Code articles 3493.1 and 3493.2 effective July 1, 2024 now provides a two-year prescriptive period for delictual actions. See **Balthazor v. Louisiana**, 2024-0156 (La. App. 1st Cir. 12/6/24), 2024 WL 5000637, *1, n.5 (unpublished), reversed on other grounds, 2025-00098 (La. 5/20/25), 409 So.3d 206 (*per curiam*).

hired a registered land surveyor to resurvey the land, and based on the map prepared by the surveyor, they "very recently came to believe" they were the owners of the subject property. Based on the allegations in the petition, the prescriptive period began to run no later than in August 2016, when Arcosa ceased mining the subject property, and plaintiffs should have known of the damage. Therefore, on the face of the petition, plaintiffs had until August 2017 to initiate the lawsuit. The petition was filed March 25, 2024, over seven years after Arcosa ceased mining on the subject property.

As prescription was evident on the face of the pleadings, the burden shifted to plaintiffs to show the action had not prescribed. See **Dumas** 361 So.3d at 1039. Plaintiffs did not offer any evidence at the hearing as to when they actually learned of the alleged damage to the subject property or when they learned they were the owners of the subject property. Therefore, plaintiffs have failed to prove the matter has not prescribed. Accordingly, we cannot say that the trial court erred in sustaining Arcosa's peremptory exception raising the objection of prescription.

## CONCLUSION

For the foregoing reasons, we affirmed the trial court's August 28, 2024 judgment sustaining the peremptory exception raising the objection of prescription and dismissing plaintiffs' claims against Arcosa. Appeal costs are assessed against plaintiffs/appellants, Theresa McCray and Denise M. Williams, individually and as co-administratrixes of the Succession of Johnny McCray, Sr., Marva McCray Gordon, Meatha McCray Winbush, Marlies McCray Mitchell, Marvin McCray, II, Dr. James McCray, Jr., individually and as trustee of the James and Gloria H. McCray 1999 Trust, Marianne Ferguson, and James Ferguson.

**AFFIRMED.**